[ PHILADELPHIA, JANUARY 11TH, 1840. ]

## BROTZMAN *against* BUNNELL and Another.

### IN ERROR.

An infant under seven years of age may be bound apprentice in any art, mystery, occupation or labour, with the assent of his parent, guardian or next friend, under the act of 29th of September, 1770.

ERROR to the Court of Common Pleas of Monroe County to remove the record of an action brought in that Court, to December Term, 1837, by Philip Brotzman against Jacob Bunnell and Solomon Westbrook.

The action in the Court below was debt to recover the penalty given by the act of assembly for "harbouring, concealing and entertaining," one John Hauser, the apprentice of the plaintiff.

On the trial the plaintiff proved the execution of the indenture of apprenticeship, which was dated the 8th day of Nov. A. D. 1823, and which witnessed that " John Hauser son of John Hauser, deceased, of Hamilton township, in the county of Northampton, by and with the

(Brotzman *v.* Bunnell.)

consent of his mother, Christeen Hauser, as testified by her signing as a witness hereunto, hath put himself, and by these presents doth voluntarily, and of his own free will and accord, put himself apprentice to Philip Brotzman, of Smithfield township, in said county, weaver, to learn his art, trade and mystery, and after the manner of an apprentice, to serve him from the day of the date hereof, for and during the full end and term of fourteen years and twenty-three days, next ensuing." Then followed the usual covenants, and the instrument concluded: " and for the performance of all and singular the covenants and agreements aforesaid, the said parties bind themselves each unto the other firmly by these presents." This instrument was witnessed by the mother of the apprentice, and acknowledged on the same day before a justice of the peace.

Evidence having been given on both sides relative to the harbouring of the apprentice by the defendants, the Court (JESSUP, President,) charged the jury upon the law as follows.

" The defendant's counsel have requested the Court to charge the jury, that if at the time the apprentice entered into the indenture of apprenticeship, he was within the age of seven years, then those indentures would not be obligatory upon him; and if he voluntarily left his master the plaintiff cannot recover. The only evidence submitted to the jury of the age of the apprentice, is that contained in the indenture itself. It is dated on the eighth day of November, 1823, and binds the apprentice to serve fourteen years and twenty-three days. His age is not stated in the indenture, nor is there evidence of his having been within the age of twenty-one years when he left the plaintiff, except what is inferred from the period of service stated therein. The binding in this case is not by a father, exercising parental control, nor by overseers of the poor under the provisions of the law, but by the minor himself with the assent of his mother, as a parent, under the provisions of the first section of the act of 29th September, 1770. The mother only assents to the binding. The act is that of the child and derives its validity from its being the free and voluntary act of the child. If it were not entered into voluntarily it would not be binding. In order to a voluntary choice there must be the power of choosing, and in order to this there must be some knowledge of the thing to be chosen. Such knowledge of the trade he was to learn as a child of seven years would be possessed of, would not be sufficient for the formation of such a choice as ought to be binding. Such a child would be as easily induced to make his mark to one kind of indenture as another—almost any relative might act as the next friend of the child under the act of assembly referred to, and if a child could be bound at seven, it might at five, or three or two years. Some discretion beyond that possessed by a child of so tender years is necessary to give validity to indentures of apprenticeship. The Court

are therefore of opinion that a child of seven years would be inca-
pable of making such an indenture of apprenticeship as would be
binding; and if the jury believe from the evidence, that John Hauser
on the 8th of November, 1823, was less than seven years of age, he
having voluntarily left the service of the plaintiff, then the plaintiff
cannot recover."

The plaintiff's counsel excepted to this charge; and a verdict
having been given for the defendants, the record was removed to
this Court, and the following exceptions filed.

"First. The Court erred in charging the jury that such knowledge
of the trade he was to learn, as a child of seven years is possessed
of, is not sufficient for the formation of such a choice as ought to
bind him.

Second. The Court also erred in so much of their charge as
instructs the jury that if they believed John Hauser was less than
seven years of age when he was bound, then the plaintiff could not
recover, &c."

Mr. *Ihrie,* for the plaintiff in error, cited *Co. Litt.* 172.   1 *Bl.
Com.* 467.   1 *Woodess.* 402.   2 *Kent Com.* 242.   *Respublica v.
Keppele,* (1 *Yeates,* 233.)   *Commonwealth v. Eglee,* (6 *Serg. & R.*
340.)   *Guthree v. Murphy,* (4 *Watts,* 80.)   *Matter of M'Dowles,*
(8 *Johns. Rep.* 328.)

Mr. *Brodhead,* contra, cited 1 *Story,* 384.   *Bac. Abr. tit. Statute.
Rutherford, B.* 11, *c.* 7.   *Commonwealth v. Jones,* (3 *Serg. & R.*
165.)   *Commonwealth v. King,* (4 *Serg. & R.* 109.)

The opinion of the Court was delivered by

SERGEANT, J.—No limitation of time being prescribed by the act
of assembly of the 29th of September, 1770, within which an infant
is incapable of binding himself by indenture of apprenticeship, I do
not perceive how the Courts can interpose it, without assuming legis-
lative power.   The period of seven years, under which an infant
is at common law considered as not having discretion, applies only
to criminal cases.   It has no connection with his ability to bind
himself under the statute to learn a trade.   In regard to the choice
of an occupation or the judicious selection of a master, he has proba-
bly as little capacity at eight years of age as he has at six.   In these
matters, in truth, no reliance is placed on the judgment of the infant:
they are left to the determination of the parent, or guardian, or next
friend, whose assent is made indispensable to the validity of the
binding.   It is of importance to the interests of the community as
well as of the infant, that this power of binding should be exercised;
and of the time when it is proper to exercise it, others must judge
for the infant, as he is incapable of deciding for himself.   Cases may

(Brotzman *v.* Bunnell.)

occur, in which it may be expedient that an infant under seven years of age should be provided for by being bound an apprentice, and it may be manifestly to his advantage to be so. We are of opinion, that the court below erred in their charge to the jury, that if the apprentice was less than seven years of age when bound, the plaintiff could not recover.

Judgment reversed and *venire facias de novo* awarded.